PER CURIAM.
Christopher Phillips appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Phillips was convicted of trafficking in cocaine, and, as part of his sentence, the court imposed the three-year minimum mandatory term required by section 893.135(l)(b)l.a., Florida Statutes (1999). Phillips argues that because Chapter 99-188, Laws of Florida, which amended section 893.135(l)(b)l.a. to add the minimum *193 mandatory term, was enacted in violation of the single subject rule, the court should not have imposed the three-year minimum mandatory term.[1] He further claims that a later effort by the Legislature to correct the problem did not cure the constitutional defect.
In Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), the court held that chapter 99-188 violated the single subject rule. In response to Taylor, the Legislature enacted Chapters 02-208, 02-209, 02-210, 01-211, and 02-212, Laws of Florida, which reenacted the provisions of Chapter 99-188. The 2002 chapter laws provide that the corrective statutes were to be applied retroactively, to the extent permitted by the federal and state constitutions.
In Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), citing Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), we held that the 2002 chapter laws could be applied retroactively without violating constitutional principles. See also Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002). However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), the Second District Court held that retroactive application of chapter 02-212 would violate the ex post facto clauses of the United States and Florida Constitutions.
Based on Hersey, we affirm the order denying Phillips’s motion, but we certify conflict with Green.
AFFIRMED.
SHARP, W., ORFINGER and MONACO, JJ., concur.

. Article III, section 6, of the Florida Constitution provides, in part, that "[e]veiy law shall embrace but one subject and matter properly connected therewith....”